ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OPINION CONCERNING THE FOLLOWING QUESTIONS:
 1. WHAT, IF ANY, IS THE STATUS OF A LIEN CREATED BY THE ISSUANCE OF A 68 O.S. 230 (1991) CERTIFICATE OF INDEBTEDNESS?
 2. IS A CERTIFICATE OF INDEBTEDNESS, ISSUED UNDER 68 O.S. 230, TANTAMOUNT TO A TAX WARRANT ISSUED PURSUANT TO 68 O.S. 231 AS TO DURATION, LACHES AND ESTOPPEL?
 3. DOES THE STATE MAINTAIN ITS PRIORITY, AS TO OTHER TYPES OF LIENS AND JUDGMENTS FILED SUBSEQUENT TO TAX LIENS, BY FILING A 230 CERTIFICATE OF INDEBTEDNESS INSTEAD OF A TAX WARRANT?
 4. IS THE OKLAHOMA TAX COMMISSION REQUIRED TO EXECUTE THE CERTIFICATE OF INDEBTEDNESS LIEN WITHIN A SPECIFIC TIME PERIOD IN ORDER TO PERPETUATE IT?
 5. DOES A LIEN CREATED BY THE ISSUANCE OF A 68 O.S. 230 CERTIFICATE OF INDEBTEDNESS HAVE TO BE FILED IN THE REGISTER OF TAX WARRANTS FOR PUBLIC INSPECTION UNDER 68 O.S. 250 (1991)?
IN THAT YOUR QUESTIONS CAN BE ANSWERED BY AN ANALYSIS OF CLEARLY CONTROLLING STATUTES AND APPLICABLE LAW, A FORMAL OPINION IS NOT NECESSARY.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR FIRST QUESTION ASKS FOR CLARIFICATION OF THE STATUS OF A LIEN CREATED BY A CERTIFICATE OF INDEBTEDNESS, AS PROVIDED IN 68 O.S. 230. THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO INTERPRET THE STATUTORY LANGUAGE IN ACCORDANCE WITH THE PLAIN AND ORDINARY MEANING AND IMPORT OF THE LANGUAGE UNLESS THERE IS AN AMBIGUITY. JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, 648 P.2D 26, 29 (OKLA.1982).
TITLE 68 O.S. 230 READS IN PERTINENT PART:
(TEXT OF STATUTE)
 IN APPLYING THE RULE IN JACKSON TO THE ABOVE-REFERENCED STATUTE, IT APPEARS THAT THE PLAIN AND UNAMBIGUOUS LANGUAGE OF 68 O.S. 230 PROVIDES THAT THE FILING OF A CERTIFICATE OF INDEBTEDNESS BY THE TAX COMMISSION WILL HAVE THE "SAME FORCE AND EFFECT" AS A JUDGMENT IN THIS STATE. THE SIGNIFICANCE OF THIS PROVISION IS THAT IT ALLOWS THE TAX COMMISSION TO ENFORCE ITS CERTIFICATE OF INDEBTEDNESS IN THE SAME MANNER AVAILABLE TO JUDICIAL JUDGMENTS.
JUDGMENTS OBTAINED IN COURTS OF RECORD IN THIS STATE AND THROUGHOUT THE UNITED STATES BECOME LIENS ON THE REAL ESTATE OF THE JUDGMENT DEBTOR WITHIN A COUNTY AFTER A CERTIFIED COPY OF THE JUDGMENT AND AN AFFIDAVIT OF JUDGMENT IS FILED WITH THE COUNTY CLERK IN THAT COUNTY AS DESCRIBED IN 12 O.S. 706 (1991).
PURSUANT TO 12 O.S. 735 (1991), FOR SUCH LIENS TO REMAIN IN EFFECT, THEY MUST BE EXECUTED WITHIN FIVE YEARS OF RENDITION OF A JUDGMENT. THE JUDGMENT BECOMES UNENFORCEABLE AND CEASES TO OPERATE AS A LIEN UNLESS THE JUDGMENT CREDITOR FILES EITHER AN EXECUTION OR A GARNISHMENT SUMMONS IN THE COUNTY CLERK'S OFFICE BEFORE THE EXPIRATION OF THE FIVE-YEAR PERIOD, AS PROVIDED IN 12 O.S. 759(C)(2). A NEW FIVE-YEAR PERIOD BEGINS TO RUN FROM THE DATE OF FILING AN EXECUTION OR GARNISHMENT SUMMONS.
THERE ARE TWO QUESTIONS THAT MUST BE ASKED WHEN TRYING TO DETERMINE WHETHER 12 O.S. 735 APPLIES TO A LIEN ESTABLISHED BY FILING A CERTIFICATE OF INDEBTEDNESS. FIRST, IS THE 68 O.S. 230 CERTIFICATE OF INDEBTEDNESS TREATED AS A JUDGMENT FOR PURPOSES OF THE 735 DORMANCY PROVISION? SECOND, IF SO, DOES 12 O.S. 735 APPLY TO JUDGMENTS IN FAVOR OF THE STATE? THE FIRST QUESTION WAS ADDRESSED INDIRECTLY BY A.G. OPIN. NO. 76-181, WHICH CONSTRUED A STATUTE VERY SIMILAR TO S 230. (40 O.S. 1971, S 224(H)). THE STATUTE PROVIDED FOR THE FILING OF AN OKLAHOMA EMPLOYMENT SECURITIES COMMISSION TAX WARRANT OR LIEN, AND USED LANGUAGE SIMILAR TO THAT FOUND IN 68 O.S. 230. THE OPINION FOUND THAT THE LIEN WAS TO BE TREATED AS ANY OTHER JUDGMENT AND WAS SUBJECT TO THE PROVISIONS OF S 735. AS TO THE DORMANCY OF A JUDGMENT IN FAVOR OF THE STATE, THIS QUESTION WAS SPECIFICALLY ADDRESSED IN BANFIELD COMPANY V. THE STATE OF OKLAHOMA EX REL. S.M. FALLIS. JR.. DISTRICT ATTORNEY, 525 P.2D 638, 640 (OKLA.1974). IN THIS CASE, THE COURT HELD THAT THE 12 O.S. 1991, 735 "DORMANCY PROVISION" WAS PROCEDURAL. THE COURT, CITING ITS DECISION IN STATE V. WEEMS, 168 P.2D 629 (OKLA. 1942), HELD IN ESSENCE THAT JUDGMENTS IN FAVOR OF THE STATE ORDINARILY BECOME DORMANT IF EXECUTION IS NOT CARRIED OUT AS PROVIDED THEREIN. THE COURT CLEARLY NOTED THAT ONLY THE LIEN WAS EXTINGUISHED AND THAT THE UNDERLYING TAX OBLIGATION TO THE STATE REMAINED. ID. AT 640.
THUS, IN ANSWERING YOUR FIRST QUESTION, IT IS CLEAR THAT THE STATUS OF A LIEN CREATED BY THE ISSUANCE OF A CERTIFICATE OF INDEBTEDNESS PURSUANT TO 68 O.S. 230 IS THE SAME AS THAT OF A JUDGMENT. IT IS ENFORCEABLE IN THE SAME MANNER AS A JUDGMENT AND WILL BECOME DORMANT PURSUANT TO 12 O.S. 735 UNLESS PROPERLY EXECUTED OR GARNISHED UPON BEFORE THE EXPIRATION OF FIVE YEARS.
YOUR SECOND QUESTION ASKS WHETHER A CERTIFICATE OF INDEBTEDNESS ISSUED UNDER 68 O.S. 1991, 230, IS TANTAMOUNT TO A TAX WARRANT ISSUED PURSUANT TO 68 O.S. 231 AS TO DURATION, LACHES AND ESTOPPEL.
IN ORDER TO ANSWER THIS QUESTION, ONE MUST REFER TO 68 O.S. 231(I)(2) WHICH READS IN PERTINENT PART:
 "A TAX WARRANT ISSUED AND FILED UNDER AUTHORITY OF THIS SECTION SHALL:
 2. NOT BE SUBJECT TO THE PROVISIONS OF ANY DORMANCY STATUTE WHICH WOULD LIMIT THE ENFORCEABILITY, EFFECT OR OPERATION OF THE LIEN. (EMPHASIS ADDED.)"
AS NOTED ABOVE, 68 O.S. 231 USES SPECIFIC LANGUAGE TO EXCEPT IT FROM THE EFFECTS OF THE 735 DORMANCY PROVISION. SUCH A PROVISION IS NOT FOUND IN 68 O.S. 230. THIS MEANS THAT A TAX CERTIFICATE IS SUBJECT TO THE DORMANCY PROVISION AND WILL BECOME DORMANT AFTER FIVE YEARS AS SET FORTH ABOVE. HOWEVER, BECAUSE OF THE SPECIFIC EXCLUSION,12 O.S. 735 DOES NOT APPLY TO A TAX WARRANT. THEREFORE, THE DURATION OF A LIEN CREATED PURSUANT TO 68 O.S. 231 WILL BE PERPETUAL UNTIL THE DEBT HAS BEEN SATISFIED, WHEREAS A LIEN CREATED PURSUANT TO 68 O.S. 230 WILL CEASE TO EXIST AFTER THE EXPIRATION OF FIVE YEARS IF AN EXECUTION OR GARNISHMENT SUMMONS IS NOT FILED WITH THE COUNTY CLERK.
YOU ALSO ASK WHETHER THE TAX WARRANT AND THE CERTIFICATE OF INDEBTEDNESS HAVE THE SAME STATUS WHEN APPLYING THE DOCTRINES OF ESTOPPEL AND LACHES. THE GENERAL RULE IS THAT ESTOPPEL DOES NOT APPLY AGAINST THE STATE UNLESS THERE IS A STRONG PUBLIC POLICY REASON FOR DOING SO. SEE, BURDICK V. INDEPENDENT SCHOOL DIST. NO. 52 OF OKLAHOMA COUNTY, 702 P.2D 48 (OKLA.1985). OKLAHOMA CASE LAW IS CLEAR THAT NEITHER LACHES NOR ESTOPPEL APPLIES AGAINST THE STATE ACTING IN ITS SOVEREIGN CAPACITY BECAUSE OF MISTAKES OR ERRORS OF ITS EMPLOYEES. SEE, STATE OF OKLAHOMA. EX REL. TAX COMMISSION V. EMERY, 645 P.2D 1048, 1051 (OKLA.CT.APP.1982). "THE POWER OF TAXATION IS AN INHERENT AND ESSENTIAL ATTRIBUTE OF SOVEREIGNTY." EMERY, ID. CITING DAUBE V. OKLAHOMA TAX COMMISSION, 152 P.2D 687 (OKLA.1944). THUS, IT APPEARS THAT BOTH THE TAX CERTIFICATE AND TAX WARRANT RETAIN EQUAL STATUS FOR THE PURPOSE OF APPLYING THE DOCTRINES OF ESTOPPEL AND LACHES.
YOUR THIRD QUESTION ASKS WHETHER THE STATE'S INTEREST IS PROTECTED BY FILING A 230 CERTIFICATE OF INDEBTEDNESS INSTEAD OF A TAX WARRANT, AS TO PRIORITIES OF OTHER TYPES OF LIENS AND JUDGMENTS FILED SUBSEQUENT TO THE TAX LIENS. THIS QUESTION IS ANSWERED IN 230: "(A)ND SUCH LIEN SHALL BE PARAMOUNT AND SUPERIOR TO ALL OTHER LIENS OF WHATSOEVER KIND OR CHARACTER ATTACHING TO ANY OF SAID PROPERTY SUBSEQUENT TO THE DATE OF SUCH RECORDING AND SHALL BE IN ADDITION TO ANY LIEN PROVIDED BY SECTION 234 OF THIS CODE." THUS, THE FILING OF A CERTIFICATE OF INDEBTEDNESS UNDER 230 IS SUFFICIENT TO ESTABLISH PRIORITY OF THE STATE'S LIEN OVER SUBSEQUENT LIENS.
IN ADDITION, 68 O.S. 234 PROVIDES IN PERTINENT PART:
(TEXT OF STATUTE)
 TITLE 68 O.S. 234 ALSO PROVIDES THAT, ONCE PERFECTED, THIS LIEN SHALL CONTINUE UNTIL THE AMOUNT OF THE TAX AND PENALTY IS PAID. IN STATE OF OKLAHOMA EX REL. OKLAHOMA TAX COMMISSION V. EMERY, 645 P.2D 1048, 1051 (OKLA.CT.APP.1982) THE COURT HELD THAT "UNDER 68 O.S. 231 (1979) AND 68 O.S. 234, THE STATE ACQUIRES LIENS WHICH SHALL CONTINUE UNTIL THE DELINQUENT TAX, PENALTY AND INTEREST ARE PAID." THIS FURTHER INSURES THAT THE STATE IS ADEQUATELY PROTECTED. THEREFORE, WHILE A 230 CERTIFICATE OF INDEBTEDNESS IS SUBJECT TO THE DORMANCY PROVISION OF 12 O.S. 735, ITS FILING ESTABLISHES PRIORITY FOR THE BROADER, MORE INCLUSIVE 234 LIEN, WHICH CONTINUES UNTIL PAID.
YOUR FOURTH QUESTION ASKS WHETHER THE TAX COMMISSION IS REQUIRED TO EXECUTE WITHIN A SPECIFIED TIME IN ORDER TO PERPETUATE THE 230 CERTIFICATE OF INDEBTEDNESS. THE TAX COMMISSION MUST EXECUTE WITHIN A SPECIFIC TIME IF THE STATE WISHES TO RETAIN ITS LIEN UNDER 230, SINCE 68 O.S. 230 PROVIDES THAT THE CERTIFICATE OF INDEBTEDNESS, ONCE FILED, HAS THE SAME FORCE AND EFFECT AS A JUDGMENT.
YOUR FIFTH QUESTION ASKS WHETHER A LIEN CREATED BY THE ISSUANCE OF A 68 O.S. 230 CERTIFICATE OF INDEBTEDNESS MUST BE FILED IN A REGISTER OF TAX WARRANTS FOR PUBLIC INSPECTION PURSUANT TO 68 O.S. 250.
TITLE 68 O.S. 250 READS AS FOLLOWS:
(TEXT OF STATUTE)
 IN THE ABOVE-REFERENCED STATUTE, THE LEGISLATURE SPECIFICALLY REFERS TO THE BOOK AS A "REGISTER OF TAX WARRANTS." THE TERM "TAX WARRANT" IS FOUND ONLY IN 68 O.S. 231 OF THE UNIFORM TAX PROCEDURE CODE. DESPITE HAVING KNOWLEDGE OF THE S 230 CERTIFICATE OF INDEBTEDNESS PROVISION, THE LEGISLATURE CHOSE NOT TO INCLUDE IT IN 68 O.S. 250. "MOREOVER, LEGISLATIVE SILENCE, WHEN IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT." CITY OF DUNCAN V. BINGHAM, 394 P.2D 456, 460 (OKLA. 1964).
THE ANSWER TO YOUR FIFTH QUESTION IS THAT A LIEN CREATED BY THE ISSUANCE OF A 68 O.S. 230 CERTIFICATE OF INDEBTEDNESS DOES NOT HAVE TO BE FILED IN THE REGISTER OF TAX WARRANTS. PLEASE NOTE THAT INFORMATION PERTAINING TO CERTIFICATES OF INDEBTEDNESS THAT HAS BEEN FILED BY THE TAX COMMISSION MAY BE FURNISHED TO THE GENERAL PUBLIC PURSUANT TO 68 O.S. 205(C)(14).
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. THE STATUS OF A LIEN CREATED BY THE ISSUANCE OF A CERTIFICATE OF INDEBTEDNESS PURSUANT TO 68 O.S. 230 IS THE SAME AS THAT OF A JUDGMENT. IT IS ENFORCEABLE IN THE SAME MANNER AS A JUDGMENT AND WILL BECOME DORMANT PURSUANT TO 12 O.S. 735 UNLESS PROPERLY EXECUTED OR GARNISHED UPON BEFORE THE EXPIRATION OF FIVE YEARS.
 2. A TAX CERTIFICATE ISSUED UNDER 68 O.S. 230 IS SUBJECT TO THE DORMANCY PROVISION OF 12 O.S. 735 AND WILL BECOME DORMANT AFTER FIVE YEARS. HOWEVER, BECAUSE OF THE SPECIFIC EXCLUSION OF 68 O.S. 231(I)(2), 735 DOES NOT APPLY TO A TAX WARRANT. THEREFORE, THE DURATION OF A LIEN CREATED PURSUANT TO 68 O.S. 231 WILL BE PERPETUAL UNTIL THE DEBT HAS BEEN SATISFIED. WHEREAS, A LIEN CREATED PURSUANT TO 68 O.S. 230 WILL CEASE TO EXIST AFTER THE EXPIRATION OF FIVE YEARS IF AN EXECUTION OR GARNISHMENT SUMMONS IS NOT FILED WITH THE COUNTY CLERK.
 3. ALTHOUGH A 230 CERTIFICATE OF INDEBTEDNESS IS SUBJECT TO THE DORMANCY PROVISION OF 12 O.S. 735, ITS FILING ESTABLISHES PRIORITY FOR THE BROADER, MORE INCLUSIVE 234 LIEN, WHICH CONTINUES UNTIL PAID.
 4. THE TAX COMMISSION MUST EXECUTE WITHIN A SPECIFIC TIME IF THE STATE WISHES TO RETAIN ITS LIEN UNDER 230, SINCE 68 O.S. 230 PROVIDES THAT THE CERTIFICATE OF INDEBTEDNESS, ONCE FILED, HAS THE SAME FORCE AND EFFECT AS A JUDGMENT.
 5. A LIEN CREATED BY THE ISSUANCE OF A 68 O.S. 230 CERTIFICATE OF INDEBTEDNESS DOES NOT HAVE TO BE FILED IN THE REGISTER OF TAX WARRANTS.
(JOSEPH L. MCCORMICK)